99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warren Robert BRUTZMAN, aka: Robert Brutzman; aka: Robert
W. Brutzman, Defendant-Appellant.
 No. 96-50003.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1996.
Decided Oct. 25, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Following the entry of a conditional plea of guilty to mail fraud charges, Warren Brutzman appeals the district court's order granting the government's motion in limine to admit evidence of Brutzman's prior mail fraud conviction. Brutzman alleges that the district court improperly balanced probative value and prejudicial effect in allowing the evidence to be admitted.
 
 
 3
 We review a district court's admission of evidence, as well as the balancing of probative value and prejudicial effect, for abuse of discretion. United States v. Crosby, 75 F.3d 1343, 1346 (9th Cir.1996); United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 Brutzman objects to the admission of the prior crime evidence because (1) the government failed to demonstrate need for the evidence, and (2) the prejudicial effect of the evidence substantially outweighed its probative value.
 
 
 5
 The government sought introduction of evidence of Brutzman's prior crime in order to prove intent to defraud, knowledge, absence of mistake, and modus operandi. We have recognized that intent, in particular, can be difficult to prove, as proof of intent frequently must rely on circumstantial evidence. See United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989), cert. denied, 498 U.S. 878 (1990). Brutzman's prior fraudulent scheme and the scheme that was the basis for the indictment in the instant case shared many similarities, including Brutzman's efforts to stall disgruntled investors and his eventual blaming of monetary losses on embezzlement by an employee. The evidence of Brutzman's prior conviction was probative on the issue of Brutzman's intent to defraud the investors in the current case and would rebut any claim that the loss of money in this case was the result of an honest mistake. It cannot be said that the government did not need this evidence to establish its case. The district court did not err by failing to find the evidence unnecessary.
 
 
 6
 In order to introduce evidence of Brutzman's prior crime as proof of Brutzman's intent to defraud in the current case, the government had to show similarity between the prior crime and the current offense. Fed.R.Evid. 404(b); United States v. Bradley, 5 F.3d 1317, 1320 (9th Cir.1993). The striking similarities between Brutzman's prior crime and the current offense provide a high degree of probative value. Although Brutzman claims prejudice on the basis of the similarities between the offenses, that prejudice is not the unfair prejudice that Rule 403 speaks to. See United States v. Bailleaux, 685 F.2d 1105, 1112 & n. 2 (9th Cir.1982). Although the similarity between the prior crime and the current offense might arguably affect a jury's deliberations, the district court indicated that it would give a limiting jury instruction to mitigate any possible prejudicial effect. See, e.g., Houser, 929 F.2d at 1373; Bailleaux, 685 F.2d at 1112. In balancing the minimal prejudicial effect of this evidence against its high probative value and given the wide discretion of the district court in evidentiary matters, we find that the district court did not abuse its discretion in admitting this evidence.
 
 
 7
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3